### HIX v. EDISON ELECTRIC LIGHT CO.

(Supreme Court, Appellate Division, First Department. January 23, 1903.)

1. COURTS—MAKING UP CALENDAR—NOTE OF ISSUE—FAILURE TO FILE—EXCUSE.
    By an order of the appellate division of the supreme court, it was in-
    dicated that a new calendar of issues of fact for the trial term would be
    made up, and that no cause on the then general calendar should be
    placed on the new calendar unless a notice were filed with the clerk before
    a certain day. Held that, where the attorney for plaintiff in a cause failed
    to file the notice, the fact that he had instructed one of his clerks to file
    the notice, which he failed to do, was not a sufficient excuse to entitle
    plaintiff to have the cause restored to its position on the calendar made
    up pursuant to the order of the appellate division.

Appeal from trial term, New York county.

Action by W. Preston Hix against the Edison Electric Light Com-
pany. From an order restoring the cause to the trial term calendar,
defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-
SON, INGRAHAM, and LAUGHLIN, JJ.

J. C. Rowe, for appellant.
M. F. Tompkins, for respondent.

PATTERSON, J. By an order of the appellate division of the su-
preme court, in the First department, dated April 28, 1902, it was in-
dicated that a new calendar of issues of fact for the trial term was
to be made up for October, 1902. It was also directed in such order
that no cause upon the then present general calendar of such issues
should be placed on the new calendar unless a notice were filed with
the clerk on or before the 8th day of September, 1902, stating that
such cause had not been disposed of or settled, and "specifying there-
on the title in full, the attorneys' names, the date of issue, and the
number of the cause on the present calendar." This order was made
pursuant to the practice which has obtained for some 40 years in
this department in making up a new general calendar of issues to be
tried at the circuit courts or at the trial terms. The purpose of the
order was to sift the calendar, and remove therefrom all cases that
had ceased to present living issues. The above-entitled cause had
been upon the general calendar for the trial of jury issues prior to
1902, but the plaintiff failed to file the note of issue required by
the order of the appellate division of April 28, 1902. In November,
1902, the plaintiff made a motion to have the cause restored to its
position on the calendar of the court made up in October, 1902;
and the only ground upon which the application was made was that
the plaintiff's attorney had instructed one of the clerks in his office
to file a new note of issue, and that he (the attorney) was greatly
surprised to learn that it had not been done, and the case did not
appear upon the calendar of the court. That is not a sufficient ex-
cuse. The order of the appellate division was one made pursuant to
the regular course of practice, and was necessitated by a condition
into which the general calendar for jury trials from time to time

falls in the city of New York. It is not meant to be such an inflexible rule as to prevent the granting of an application to have a cause put upon a new calendar where a sufficient and reasonable excuse is presented for not complying with it within the time specified therein. The excuse offered here cannot be accepted as sufficient, and the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.